UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00569-MOC-DLH

| | | |
|---|---|---|
| **BARBARA A. GROVES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's (#11) and defendant's (#19) cross Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each motion and reviewed the pleadings, the court enters the following findings and Order.

## FINDINGS AND CONCLUSIONS

**I.**     **Administrative History**

Plaintiff filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act ("Act") on October 11, 2011, alleging an onset date of December 8, 2010. (Tr. 23). The Commissioner denied plaintiff's applications initially on January 17, 2012, and upon reconsideration, on February 13, 2012. Id. At plaintiff's request, Administrative Law Judge Kevin F. Foley ("the ALJ") held a hearing on her claims on December 19, 2012. Id. After considering the hearing testimony and all the evidence of record, on January 9, 2013, the ALJ issued a written decision finding that plaintiff was not disabled within the meaning of the Act. (Tr. 31). The Appeals Council denied plaintiff's request for review on December 3, 2013, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 6-8). Plaintiff sought review from

this court, after which the Commissioner failed to respond within the time allowed by Rule 72(b) of the Federal Rules of Civil Procedure. (Tr. 440). Thus, this court remanded the case to the ALJ for further proceedings. (Tr. 530-34). On November 10, 2015, the ALJ held a second hearing during which the vocational expert ("VE") testified. (Tr. 481-528). On January 26, 2016, the ALJ found that plaintiff was not disabled within the meaning of the Act. (Tr. 442). The Appeals Council denied plaintiff's request for review again on July 24, 2017, making the ALJ's decision the final decision of the Commissioner. (Tr. 435). Having exhausted her administrative remedies, plaintiff commenced this action under 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**II.     Factual Background**

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

**III.    Standard of Review**

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra.

Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. Here, the court finds that the ALJ's decision was supported by substantial evidence, and it will thus be affirmed.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's RFC precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### C. The Administrative Decision

At step one of the sequential evaluation, the ALJ found that plaintiff has engaged in no more than two months of substantial gainful activity since December 8, 2010, the alleged onset date. (Tr. 448). At step two, the ALJ found that plaintiff has the following severe impairments: spinal arthritis and fibromyalgia. Plaintiff's other impairments were "non-severe." (Tr. 449). At

step three, the ALJ found that none of plaintiff's medically determinable impairments, singly or in combination with each other, meets the severity of an impairment in the Listing. (Tr. 453).

Then, before step four, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform medium work, with the following exceptions and restrictions: limited to occasionally carrying only eleven pounds or less, as well as limited to occasional overhead reaching with her right arm. (Tr. 455).

At step four, the ALJ found that plaintiff's RFC prevents her from performing any past relevant work. (Tr. 471). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff could have performed, including packer (DOT #920-587-018), inspector (DOT#979-687-030), and checker (DOT#369-687-026). (Tr. 472, 525). As a result, the ALJ concluded that plaintiff was not disabled within the meaning of the Act from the alleged onset date through the date of the decision, January 26, 2016. (Tr. 472).

**D. Discussion**

The court has closely read plaintiff's memorandum (#12) supporting her Motion for Summary Judgment (#11). Plaintiff argues that the ALJ erred in two ways: by improperly relying on the VE's testimony because plaintiff's RFC to perform medium work is improper, and because the job descriptions are inconsistent with plaintiff's abilities; and by erring in the analysis of plaintiff's mental RFC. The court will consider each allegation in turn.

*a. The ALJ's reliance on VE testimony*

Plaintiff argues that the ALJ failed to properly inquire on certain alleged inconsistencies between the VE's testimony and the DOT. First, plaintiff argues that the ALJ wrongly relied on the VE's testimony by concluding plaintiff could perform medium work. (Tr. 455). Plaintiff argues

that her occasional limitation of being able to carry only eleven pounds or less does not constitute medium work. (Tr. 9). Plaintiff cites to the definition of medium work, as defined in 20 C.F.R. § 404.1567(c), and to the VE's testimony. Particularly, plaintiff cites to the ALJ's question to the VE: "if a person can only carry [eleven] pounding [sic], are they able to do medium work as defined by the Social Security Administration?" The VE answered "[n]o."

The definition of medium work is as follows:

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 404.1567(c). After reviewing this definition of medium work, the court agrees with the ALJ's determination that plaintiff can perform medium work. Such work involves lifting no more than fifty pounds, 20 C.F.R. § 404.1567(c), which is consistent with plaintiff's abilities. This work also involves frequent lifting or carrying objects weighing up to twenty-five pounds. Id. This is also consistent with plaintiff's abilities, as plaintiff is merely *occasionally* limited to carrying only eleven pounds. As such, the definition of medium work is consistent with plaintiff's work abilities.

Furthermore, plaintiff cites the VE's testimony in which the ALJ asked the VE about the work ability of a person who can only carry eleven pounds. (Tr. 525). However, the ALJ's hypothetical question does not accurately describe the plaintiff's abilities. Not having the ability to carry eleven pounds is very different from *occasionally* being limited to carrying less than eleven pounds. Further, the ALJ considered the totality of the circumstances when determining plaintiff's RFC of medium work. (Tr. 455). Particularly, the ALJ considered: plaintiff's monthly income from her retirement benefits and Workers' Compensation settlement; the discrepancies on

many of her disability reports and functions reports; the activities she does to take care of herself and her dog; the treatments she underwent, and the treatments she refused; the medications she took, and the medications she refused; her refusal to quit smoking after being told to by her doctor; and her numerous doctors' reports. (Tr. 455-71). As such, the ALJ's decision is supported by substantial evidence, Richardson, 402 U.S. at 390; Hays, 907 F.2d at 1456, and the ALJ thus did not commit reversible error.

Next, plaintiff argues that the ALJ did not obtain a reasonable explanation from the VE regarding the apparent conflict of the jobs identified by the VE and the DOT. Plaintiff contends the jobs identified by the VE and accepted by the ALJ require constant reaching, according to the Selected Characteristics of Occupations ("SCO"), a companion publication to the DOT. Plaintiff argues that since she is limited to occasional overhead reaching, this is a significant inconsistency between the VE's testimony and the DOT.

The ALJ must "elicit a reasonable explanation for and resolve conflicts between the [VE's] testimony and the [DOT]." Pearson v. Colvin, 810 F.3d 204, 208 (4th Cir. 2015) (citations omitted). Reviewing courts are not to "guess what these occupations [cited by the VE] require in reality." Id. at 211. Here, the ALJ provided a "reasonable explanation" for plaintiff's alleged conflicts, and this court does not have to guess what these occupations require. Id. at 208, 211. The ALJ stated the following in the decision:

> Notably, I find that it is obvious that the reaching that is involved in these jobs is reaching out front to do these tasks on a worktable. Moreover, the reaching is within an easy distance, not reaching to full extension. Common sense suggests this. In fact, I would argue that there are very few jobs that require frequent overhead reaching. A drywall hanger would be one. There is nothing in the DOT job descriptions or the DOT requirements for the jobs cited by the vocational expert that indicates there is any overhead reaching, or that any overhead reaching that might done would need to be done more often than occasionally.

(Tr. 472). Indeed, the ALJ reconciled the alleged discrepancies regarding the reaching components of the job descriptions. Merely because plaintiff is *occasionally* limited to *overhead* reaching, she is not limited to reaching in front of her, reaching behind her, etc. Plaintiff is not even completely limited from overhead reaching, only *occasionally*. Additionally, the ALJ asked the VE if there were any inconsistencies between the VE's testimony and the DOT, to which the VE said "[n]o". (Tr. 525). See Pearson, 810 F.3d at 208 (explaining that the ALJ must inquire, on the record, whether the VE's testimony conflicts with the DOT). As such, the court finds that the ALJ thoroughly explained the alleged discrepancies, and the decision is indeed supported by substantial evidence. Richardson, 402 U.S. at 390; Hays, 907 F.2d 1456.

### b. *The ALJ's analysis of plaintiff's mental residual functional capacity*

Next, plaintiff argues that the ALJ erred in his analysis of plaintiff's mental RFC. Notably, plaintiff acknowledges that whether plaintiff has a "severe" mental impairment is not at issue in this case, because the ALJ already determined plaintiff's depression is "non-severe." (Tr. 16, 453). Plaintiff argues that the ALJ did not fully consider the effect of plaintiff's depression on work-related activities. Specifically, plaintiff complains that the ALJ should have considered the effect of plaintiff's depression on her ability to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers, and work situations; and deal with changes in a routine work setting. (SSR 96-8p). Additionally, plaintiff argues the ALJ should have considered the "combined effect" of plaintiff's depression and other "severe impairments" on her ability to engage in mental and physical work-related functions. See Hines v. Bowen, 872, F.2d 56, 59 (4th Cir. 1989).

After closely reviewing the record, the court does not agree that the ALJ committed

reversible error here. First and foremost, the Fourth Circuit explicitly declined to adopt a clear rule in Mascio, holding instead that remand "may be appropriate" where the ALJ does not address conflicting evidence as to the claimant's RFC. Mascio v. Colvin, 780 F.3d 632, 637 (4th Cir. 2015). Specifically, the Fourth Circuit found that, absent an explanation of the basis of the ALJ's conclusions, the courts are "left to guess" at how the ALJ arrived at them. Id.; see also White v. Colvin, 2016 WL 3381265, at *5 (W.D.N.C. 2016) (holding that Mascio "only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review'").

Here, the court does not have to guess at how the ALJ arrived at his conclusions, and the ALJ's analysis and explanations were thorough and did not frustrate meaningful review. Mascio, 780 F.3d at 637; see also White, 2016 WL 3381265, at *5. The ALJ discussed and reviewed plaintiff's depression with focus, attention, and concentration in mind, and continued the review into the RFC analysis, where the ALJ summarized numerous related medical records, all of plaintiff's assertions, all of the related doctors' assertions, and discussed the consistencies and inconsistencies between them and where the ALJ ultimately fell on the issue. (Tr. 451-53). Indeed, the ALJ "considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1)." (Tr. 451). In doing so, the court is not left to guess how the ALJ arrived at his decision, and nothing in his opinion frustrates meaningful review. Mascio, 780 F.3d at 637; see also White, 2016 WL 3381265, at *5.

Furthermore, while the ALJ did not use the term "combined effect," that alone is not cause for reversible error. Indeed, the ALJ considered the effects of plaintiff's depression as well as all of her abilities and impairments on her ability to do housework, wash dishes, dust floors and tables,

bathe herself, comb her hair, watch television, check email, drive to the store to get food, check the mailbox, and take her dog outside. (Tr. 452, 453, 456, 460). As such, the court finds that the ALJ has supported his decision with substantial evidence, Richardson, 402 U.S. at 390; Hays, 907 F.2d at 1456, and did not commit reversible error on this basis.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's complaint, the cross Motions for Summary Judgment, and accompanying memoranda. Review of the entire record reveals that the decision of the ALJ was supported by substantial evidence. See Richardson v. Perales, 402 U.S. at 390; Hays v. Sullivan, 907 F.2d at 1456. As this court finds that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. at 401, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

### ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Summary Judgment (#11) is **DENIED**, the Commissioner's Motion for Summary Judgment (#19) is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

Signed: August 16, 2018



Max O. Cogburn Jr
United States District Judge